UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LINDA THOMPSON                                                                            PLAINTIFF

v.                                            CIVIL ACTION NO. 3:17-CV-570-CRS

OPTIMA 500 LLC,
KONE, INC.,
OPTIMA MANAGEMENT GROUP LLC,
OPTIMA VENTURES, LLC, AND
JACO MANAGEMENT LTD                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of Defendant, KONE, Inc. ("KONE"), for leave to file a first amended notice of removal. (DN 5). The court will **GRANT** the motion as unopposed.

I.     BACKGROUND

Plaintiff, Linda Thompson ("Thompson"), filed a complaint in Jefferson Circuit Court, Kentucky in August of 2017 against the following defendants: Optima 500, LLC; KONE, Inc.; Optima Management Group, LLC; Optima Ventures, LLC; and JACO Management Ltd. (DN 1-2.) The complaint alleges that Defendants were, at all times relevant, the owners/and or controllers of the business premises at issue and were negligent in the maintenance and upkeep of said premises. (*Id*.) Plaintiff further alleges personal injuries as the direct and proximate result of this negligence. (*Id*.)

Defendant KONE removed the action to this court on September 18, 2017 on the basis of diversity jurisdiction. (DN 1.) KONE now moves this court for leave to file a first amended notice of removal to clarify the citizenship status of two parties. (DN 5.)

## II. DISCUSSION

A defendant may remove a civil action within 30 days of receipt of the initial pleading, or service of summons, whichever period is shorter. 28 U.S.C. § 1446(b)(1). A party may cure technical deficiencies in a petition for removal, even after 30 days have passed pursuant to 28 U.S.C. § 1446, when diversity of parties was alleged in the original petition. *Gafford v. General Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993).

KONE seeks to amend the petition for removal in order to clarify that two of its codefendants, Optima Ventures, LLC ("Optima Ventures") and JACO Management Ltd. ("JACO"), are nominal parties from which consent for removal is not needed. *See Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *3 n. 8 (6th Cir. 1994). A formal or nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." *Maiden v. North American Stainless, L.P.*, 125 F.App'x 1, 2 (6th Cir. 2004) (citing *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir.1952).

In support of its motion, KONE submits the sworn affidavit of Chaim Schochet ("Schochet"), Chief Operating Officer of Defendant Optima Management Group, LLC. (Schochet Aff., DN 5-2.) Schochet, who testifies to having personal knowledge of the following facts, attests that the real property at issue is owned by Optima 500, LLC and managed by Optima Management Group, LLC. (Schochet Aff., DN 5-2, ¶¶ 4, 6-7.) He further avers that neither Optima Ventures nor JACO had ownership or management interests in the property at issue at the time of the alleged incident and thus have no discernable interest in the outcome of

this litigation. (*Id.*, ¶¶ 8-9.) Plaintiff neither opposes Defendant KONE's motion nor disputes the facts contained in Schochet's affidavit. Therefore, the court finds that Optima Ventures and JACO are nominal parties to this action.

Because the proposed amendment does not state new grounds for removal, but rather merely seeks to clarify matters of party consent, the court will grant Defendant KONE's motion.

### III. CONCLUSION

For the reasons set forth above, the court will **GRANT** Defendant KONE's motion for leave to file a first amended notice of removal.

An order will be entered in accordance with this opinion.

November 6, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**