UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LINDA THOMPSON                                                                  Plaintiff

v.                                                                           Civil Action No. 3:17-cv-00570-RGJ

OPTIMA 500, LLC, *et al.*                                          Defendants

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Linda Thompson, filed this action against Defendants, Optima 500, LLC, Kone Inc., Optima Management Group LLC, Optima Ventures, LLC, and JACO Management, LTD, seeking relief for personal injury under Kentucky law. [DE 1-2, Compl.]. Optima 500 now moves to dismiss Co-Defendants Optima Ventures and JACO for failure to state a claim upon which relief can be granted. Further, Optima 500 asserts by affidavit that Optima Ventures and JACO have no ownership interest or management obligations in the premises. [DE 9]. Plaintiff filed a Response asserting insufficient time for discovery to confirm the veracity of the claims made in the affidavit. [DE 11]. This matter is ripe for adjudication. For the reasons below, Optima 500's Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

The following facts are set out in the Complaint and accepted as true for purposes of Defendant's Motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

On August 11, 2016, Thompson was a business invitee on Defendants' premises located at 500 West Jefferson Street in Louisville, Kentucky. [DE 1, Not. Removal at 4; DE 1-2, Compl. at ¶ 6]. While on the premises, Thompson "sustained serious injury, including, but not limited to, left shoulder and neck injuries, as a result of an elevator on Defendants' premises forcibly closing

1

on her." [DE 1-2, Compl. at ¶ 7]. The Defendants owned, controlled, and/or maintained the premises at that time. *Id.* Thompson's personal injuries were the direct and proximate result of Defendants' negligence. *Id.*

Thompson filed this action in Jefferson County, Kentucky Circuit Court on August 11, 2017. [DE 1-2, Compl.]. On September 18, 2017, Kone, Inc. removed the action to this Court. [DE 1, Not. Removal at 1]. On November 6, 2017, the Court granted Kone's Motion for Leave to File a First Amended Notice of Removal. [DE 6, Order Granting Def.'s Mot.; DE 8, First Am. Not. Removal]. The First Amended Notice of Removal includes an affidavit, attested to by Chaim Schochet, Optima Management Group's Chief Operating Officer, stating that Optima Ventures and JACO have no ownership interest or management obligations in the premises. [DE 8, Ex. A]. Optima 500 now moves to dismiss Co-Defendants Optima Ventures and JACO. [DE 9].

**II.  STANDARD**

In considering a motion to dismiss, the Court must accept as true all factual allegations set forth in the complaint and make all reasonable inferences in favor of the non-moving party. *Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint will be dismissed "if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face

2

of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## III. DISCUSSION

Optima 500 argues that the Court should dismiss the claim against Optima Ventures and JACO because the Complaint fails to state which defendant or defendants owned, controlled, and/or maintained the premises. [DE 9]. In support of its Motion, Optima 500 references Optima Management Group's Chief Operating Officer's affidavit, attached to Kone's First Amended Notice of Removal, [DE 8], stating that Optima Ventures and JACO have no ownership interest or management obligations in the premises. [DE 9 at 2].

While the Court does not ordinarily consider matters beyond the complaint when reviewing a motion to dismiss, it is within the Court's discretion to consider materials outside the pleadings. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561–62 (6th Cir. 2008) ("On a motion to dismiss, a court may accept 'matters outside the pleadings,' but in doing so it generally must treat the motion 'as one for summary judgment under Rule 56.'"); *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997) ("It is well established that a [d]istrict [c]ourt has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.") (citation omitted). Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Optima Management Groups' affidavit is not referred to in the Complaint and is not central to Thompson's claims. [DE 1-2, Compl.]. Moreover, Optima 500's Answer does not reference or incorporate the affidavit, which is dated more than a year after Optima 500's Answer. [DE 1-2, 8]. Finally, a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, the vehicle in which the affidavit at issue is filed, is not a pleading under Rule 7. *See* Fed. R. Civ. P. 7. As such, the affidavit is "outside the pleadings."

Here, neither Optima 500 nor Thompson advocate for conversion to summary judgment and appear to rely on the standard under Rule 12(b)(6). [DE 9 at 1; DE 11 at 2]. *See Wallace Sales & Consulting, LLC v. Tuopo North Am., Ltd.*, No. 2:15-cv-10748, 2015 WL 4509349, at *2 (E.D. Mich. July 24, 2015). Generally, before converting a motion to dismiss to one for summary judgment *sua sponte*, the Court must "afford the party against whom *sua sponte* summary judgment is to be entered ten-day's notice and an adequate opportunity to respond." *Tackett*, 561 F.3d at 487 (citing *Yahson v. Gregory*, 737 F.3d 547, 552 (6th Cir. 1984)).

Optima 500 filed its Motion before the parties held a Rule 26(f) conference. Thompson states in her Response that, pursuant to Rule 26(d), she did not have an opportunity to conduct discovery before responding to the motion. Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…").[1] Thompson, therefore, requests an opportunity to take discovery to confirm the accuracy and completeness of the pleadings and the affidavit submitted by Defendants. [DE 11 at 2]; *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[G]rant of summary judgment is improper if the nonmovant is given an insufficient opportunity for discovery.").

---

[1] None of the Rule 26(a)(1)(B) exempt proceedings referenced in Rule 26(d) are relevant to this suit.

Under the circumstances, the Court declines to convert Optima 500's motion to dismiss to a motion for summary judgment. Given the stage of discovery at the time the motion was filed, Thompson was not "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, evidence beyond the pleadings will not be considered by the Court. *Ennis v. Wells Fargo Bank, N.A.*, No. 1:10-CV-751, 2011 WL 1118669, at *2 (W.D. Mich. March 25, 2011) (citation omitted) ("A district court's decision to exclude such materials should be explicit.").

Accepting as true all factual allegations contained in the Complaint and making all reasonable inferences in favor of Thompson, Optima 500's Motion fails. *Gudenas v. Cervenik*, No. 1:09CV2169, 2010 WL 987699, at *3 (N.D. Ohio Feb. 22, 2010) ("Where the court does not rely on such materials, or considers them irrelevant to the merits of the motion, the court does not err in simply considering the motion as a motion to dismiss.") (citations omitted). Thompson alleges that on August 11, 2016, she was a business invitee on Defendants' premises; that she sustained serious injury on those premises; and that Defendants owned, controlled, and/or maintained the premises at that time. [DE 1-2, Compl.]. These facts accepted as true, Plaintiff states a claim for relief that is plausible on its face.

IV. **CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's Motion to Dismiss Co-Defendants Optima Ventures and JACO [DE 9] is **DENIED**.